ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,          :     INDICTMENT        JUDGE STEIN

    - v. -                         :

MOHAMMED UDDIN,                    :     06 Cr. _____
    a/k/a "MD Giash Uddin,"                  06 CRIM. 1031
    a/k/a "Alan,"                  :

                Defendant.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

COUNT ONE

(Food Stamp Fraud)

The Grand Jury charges:

1.      From at least on or about January 1, 2003, up to and including in or about November 2006, in the Southern District of New York and elsewhere, MOHAMMED UDDIN, a/k/a "MD Giash Uddin," a/k/a "Alan," the defendant, unlawfully, intentionally and knowingly did use, transfer, acquire, alter, and possess coupons, authorization cards, and access devices of a value of $5,000 and more in any manner contrary to this chapter and the regulations issued pursuant to this chapter, to wit, UDDIN exchanged several hundred thousands of dollars of customers' food stamp benefits for cash at his Manhattan grocery store in exchange for a share of the cash proceeds.

(Title 7, United States Code, Section 2024(b)(1); Title 7, United States Code,
    Section 2016; Title 7, Code of Federal Regulations, Section 278.2.)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
D... NOV 0 8 2006

COUNT TWO

(Conversion of Public Money, Property, or Records)

The Grand Jury further charges:

2. From at least on or about January 1, 2003, up to and including in or about November 2006, in the Southern District of New York and elsewhere, MOHAMMED UDDIN, a/k/a "MD Giash Uddin," a/k/a "Alan," the defendant, unlawfully, intentionally and knowingly did embezzle, steal, purloin, and convert to his use and the use of another, and without authority, did sell, convey, and dispose of any record, voucher, money, and thing of value of the United States and of a department and agency thereof, to wit, the United States Department of Agriculture, to wit, UDDIN exchanged several hundred thousands of dollars of customers' food stamp benefits for cash at his Manhattan grocery store in exchange for a share of the cash proceeds.

(Title 18, United States Code, Sections 641 & 2.)

FORFEITURE ALLEGATIONS

3. As a result of committing the food stamp offenses alleged in Count One of this Indictment, in violation of 7 U.S.C. § 2024(b)(1), MOHAMMED UDDIN, a/k/a "MD Giash Uddin," a/k/a "Alan," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, and all property traceable to such property, and pursuant to 7 U.S.C. § 2024(h), all property, real and personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of the food stamp fraud violation, and all proceeds traceable to such violation, including but not limited to: at least $1

million in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offenses charged in Count One of this Indictment.

   4. As a result of committing the public conversion offenses alleged in Count Two of this Indictment, in violation of 18 U.S.C. § 641, MOHAMMED UDDIN, a/k/a "MD Giash Uddin," a/k/a "Alan," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, and all property traceable to such property, including but not limited to: at least $1 million in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offenses charged in Count Two of this Indictment.

<u>Substitute Assets Provision</u>

   5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third person;

  (c) has been placed beyond the jurisdiction of the Court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 641 & 981; Title 21, United States Code, Section 853(p); Title 7, United States Code, Section 2024; and Title 28, United States Code, Section 2461.)

_____
Foreperson

_____
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

MOHAMMED UDDIN,
a/k/a "MD Giash Uddin,"
a/k/a "Alan,"

Defendant.

INDICTMENT

06 Cr.

(18 U.S.C. §§ 2 & 641; 7 U.S.C. § 2024.)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

_____
                         Foreperson.

---